UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JENNIFER GUSMAN, *et al.*                   CIVIL ACTION

VERSUS                   NO. 22-2524

CSX TRANSPORTATION, INC.                   SECTION M (2)

**ORDER & REASONS**

Before the Court is a motion to remand filed by plaintiff Jennifer Gusman.[1] Defendant CSX Transportation, Inc. ("CSX") responds in opposition,[2] and Gusman replies in further support of her motion.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons denying Gusman's motion to remand.

**I.**      **BACKGROUND**

This matter concerns a boating accident. On August 22, 2021, Gusman, her father and co-plaintiff Dudley Vandenborre, and others went fishing in Vandenborre's boat in an area near New Orleans known as the Rigolets.[4] Gusman and Vandenborre allege that Gusman was injured, and Vandenborre's boat damaged, when the vessel hit a submerged I-beam that was left in the water following repairs to a bridge owned and operated by CSX.[5] On June 14, 2022, Gusman and Vandenborre filed this action against CSX in the Civil District Court, Parish of Orleans, State of Louisiana, asserting negligence claims.[6]

---

[1] R. Doc. 21.
[2] R. Doc. 22.
[3] R. Doc. 25.
[4] R. Doc. 1-1 at 3. The state-court petition states that the date of the accident was August 10, 2021, but the plaintiffs later stipulated that the correct date was August 22, 2021. R. Doc. 12.
[5] R. Doc. 1-1 at 3-5.
[6] *Id.* Plaintiffs also filed an identical action in the 22nd Judicial District Court, Parish of St. Tammany, State of Louisiana, because they were unsure whether the accident occurred in Orleans or St. Tammany Parish. R. Doc. 21 at 4. The St. Tammany suit was also removed and assigned to this Court. *See Gusman v. CSX Transp., Inc.*, Civil

On August 5, 2022, CSX removed the action to this Court based on diversity subject-matter jurisdiction under 28 U.S.C. § 1332 and admiralty jurisdiction pursuant to 28 U.S.C. § 1333.[7] On January 20, 2023, this Court granted Gusman's unopposed motion for leave to file an amended complaint.[8] In the amended complaint, Gusman asserts a crossclaim against Vandenborre pursuant to Rule 13(g) of the Federal Rules of Civil Procedure.[9]

Gusman now seeks a remand of this action to state court, arguing that her amended complaint destroyed diversity subject-matter jurisdiction because both she and Vandenborre are Louisiana citizens.[10] She also argues that this Court cannot exercise admiralty jurisdiction over the action because the "savings to suitors" clause bars removal of admiralty actions.[11] In opposition, CSX argues that a crossclaim does not affect diversity subject-matter jurisdiction and that the "savings to suitors" clause is a procedural bar to removal, not a jurisdictional one, which was waived by Gusman when she did not seek remand within 30 days of removal.[12] In her reply, Gusman argues that her motion to remand was filed timely, so she did not waive her right to assert a procedural defect in the removal; the amended complaint destroyed diversity because Vandenborre is properly realigned as a defendant rather than a co-plaintiff; and, regardless, this Court should exercise its discretion under 28 U.S.C. § 1367(c) to decline supplemental jurisdiction.[13]

---

Action No. 22-2530. Because it has been determined that the accident occurred in Orleans Parish, the Court expects that plaintiffs will voluntarily move to dismiss without prejudice the suit originating in St. Tammany Parish (Civil Action No. 22-2530). R. Doc. 21 at 4 n.2 (conceding as much).

[7] R. Doc. 1 at 1.
[8] R. Docs. 16; 17.
[9] R. Doc. 18. The amended complaint purports to add Vandenborre as an "additional defendant" and mistakenly cites to Rule 13(a), which addresses compulsory counterclaims a litigant must assert against an "opposing party," but also accurately describes the claim as being filed by "plaintiff" Gusman against "plaintiff" Vandenborre. Thus, the claim is more appropriately classified as a crossclaim under Rule 13(g).
[10] R. Doc. 21-1 at 3-4.
[11] *Id.* at 4-5.
[12] R. Doc. 22 at 4-16.
[13] R. Doc. 25.

II.    **LAW & ANALYSIS**

A defendant may remove from state court to the proper United States district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). A federal district court has original jurisdiction over civil actions where there is complete diversity of citizenship between the parties[14] and the amount in controversy exceeds $75,000. Because federal courts have limited jurisdiction, the removal statute is strictly construed, and any ambiguities are construed against removal and in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The party seeking removal has the burden of establishing that federal jurisdiction exists and that removal was proper. *Id.*

Here, no party disputes that this Court had diversity subject-matter jurisdiction when CSX removed this action. Instead, Gusman argues that her crossclaim against her co-plaintiff, Vandenborre, destroyed diversity.[15] Rule 13(g) allows a party to assert a crossclaim "against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim …." A properly asserted crossclaim does not destroy diversity jurisdiction because a federal district court can exercise supplemental (formerly known as "ancillary") jurisdiction over the crossclaim even in the absence of an independent basis for federal jurisdiction. *See Zurn Indus., Inc. v. Acton Constr. Co.*, 847 F.2d 234, 236-37 (5th Cir. 1988); 28 U.S.C. § 1367(a) ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy").

---

[14] Complete diversity means that "all persons on one side of the controversy must be citizens of different states than all persons on the other side." *Alviar v. Lillard*, 854 F.3d 286, 289 (5th Cir. 2017) (quotation and alteration omitted).

[15] R. Doc. 21 at 3-4.

3

Thus, "[a] cross-claim between non-diverse co-parties which is within a court's ancillary jurisdiction does not destroy diversity so long as each plaintiff is diverse as to each defendant." *Keen v. Burlington N. Santa Fe Corp.*, 438 F. Supp. 2d 724, 728 (S.D. Tex. 2006) (citing *Scott v. Fancher,* 369 F.2d 842, 843-44 (5th Cir. 1966) (holding that ancillary jurisdiction over a crossclaim between the two Oklahoma defendants was proper where the plaintiff was a citizen of Texas)); *see also Estate of Martineau v. ARCO Chem. Co.*, 203 F.3d 904, 912 (5th Cir. 2000) (holding that the court had "ancillary" jurisdiction over crossclaims where it had subject-matter jurisdiction over the primary claims); *Brignac v. Celadon Grp., Inc.*, 2010 WL 4976730, at *2-4 (W.D. La Dec. 1, 2010) (holding that because the court had jurisdiction over the original action, it also had supplemental jurisdiction over crossclaims asserted in that action between nondiverse parties); *Williams v. Carmean*, 1999 WL 717645, at *2 (E.D. La. Sept. 13, 1999) (holding that the addition of a crossclaim against a nondiverse co-plaintiff does not defeat diversity jurisdiction where supplemental jurisdiction extends to crossclaim properly asserted under Rule 13(g)). Gusman has asserted a crossclaim against Vandenborre for his alleged negligence in causing the accident at issue.  As is required for a properly asserted crossclaim, Gusman's crossclaim against Vandenborre arises out of the occurrence that is the subject matter of the original action. Consequently, the crossclaim is so related to the original claims as to fall within the Court's supplemental jurisdiction, and it does not destroy diversity jurisdiction since each plaintiff (though opposed to the other in the crossclaim) remains diverse as to the defendant, CSX.[16]  Finally, the Court sees no reason why it should exercise its discretion under 28 U.S.C. § 1367(c) to decline supplemental jurisdiction over Gusman's crossclaim.

---

[16] Because the Court finds that the crossclaim does not destroy diversity jurisdiction, it need not address CSX's arguments regarding the removal of admiralty claims.

### III. CONCLUSION

Accordingly, for the reasons stated above,

IT IS ORDERED that Gusman's motion to remand (R. Doc. 21) is DENIED.

New Orleans, Louisiana, this 23rd day of February, 2023.

                                                            BARRY W. ASHE
                                                           UNITED STATES DISTRICT JUDGE